UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **ELVIRA VARNER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v.           ) | Case No.  13-CV-2107 |
| ) | |
| **CONAIR CORPORATION, LEROY** ) | |
| **ERNST, STEPHANIE SULA, DEWAYNE** ) | |
| **JINKINS, in their individual capacities,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

This case is before the court for ruling on the Renewed Motion for Default Against Defendant DeWayne Jinkins (#19) filed by Plaintiff, Elvira Varner.  After careful consideration, Plaintiff's Renewed Motion (#19) is DENIED.

BACKGROUND

On May 15, 2013, Plaintiff, through counsel, filed a Complaint (#1) against Defendants, Conair Corporation, Leroy Ernst, Stephanie Sula and DeWayne Jinkins. Plaintiff brought her action pursuant to 42 U.S.C. § 1981 and claimed hostile work environment, racial discrimination and retaliation.  On August 19, 2013, Defendants Conair Corporation, Leroy Ernst and Stephanie Sula filed their Answer (#10) to the Complaint.

On August 30, 2013, Plaintiff filed a Motion for Default Judgment (#11) as to Defendant DeWayne Jinkins.  Plaintiff stated that Jinkins was personally served on July 31, 2013, by leaving a copy of the summons and Complaint at his residence with his future daughter-in-law Victoria Spires.  Plaintiff attached a copy of a signed Return of Service and Proof of Service which stated that substitute service was made by serving Victoria Spires at

510 West Meyer Street, Thomasboro, IL 61878. Plaintiff stated that Jinkins' answer was due on August 21, 2013, and that Jinkins had not filed an appearance or answer. Plaintiff asked this court to enter an order of default as to Jinkins. Plaintiff stated that her counsel sent Jinkins a copy of the Motion for Default "at the last known address of 510 West Meyer Street, Thomasboro, Illinois 61878, *via* U.S. Mail."

On September 10, 2013, Defendants Conair Corporation, Leroy Ernst and Stephanie Zachary (formerly Sula) filed a Response (#14), through counsel, to the Motion for Default Judgment. Defendants stated that they do not represent DeWayne Jinkins (who they identified as DeWayne Jenkins). They stated, however, that they do not believe default judgment is appropriate. Defendants argued that Plaintiff has not established that the address in question, 510 West Meyer Street, Thomasboro, Illinois, is in fact Jinkins' usual place of abode. Defendants stated that Jinkins left Conair's employment with no notice in or around May 2009 and that Conair is informed and believes that Jinkins no longer resides in this state and has moved to Memphis, Tennessee.

On September 12, 2013, this court entered an Order (#15) and denied Plaintiff's Motion for Default Against Defendant DeWayne Jinkins (#11). This court concluded that Plaintiff had not adequately shown that default was warranted in this case. This court concluded that additional information was needed for this court to determine that substitute service on Defendant Jinkins (or Jenkins) took place at his "dwelling or usual place of abode," as required by Rule 4(e)(2)(B) of the Federal Rules of Civil Procedure. This court noted that Plaintiff referred to the address where substitute service was made as Jinkins' "last

known address."

Subsequently, on September 24, 2013, Plaintiff filed an Amended Complaint (#16) against Defendants. Defendants Conair Corporation, Ernst and Sula filed their Answer (#18) on October 8, 2013.

## ANALYSIS

On October 15, 2013, Plaintiff filed a Renewed Motion for Entry of Default Against Defendant DeWayne Jinkins (#19). Plaintiff again stated that Jinkins was served on July 31, 2013, by leaving a copy of the summons and Complaint at his residence with his future daughter-in-law, Victoria Spires, at 510 W. Meyer Street, Thomasboro, Illinois. Plaintiff stated that, pursuant to this court's Order (#15), she was providing more information to show that 510 W. Meyer Street, Thomasboro, Illinois, is Jinkins' current address. Plaintiff attached a copy of a LexisNexis search for information relating to Defendant Jinkins. Plaintiff stated that the "results of that search show that Defendant Jinkins' most current address is 510 W. M[e]yer Street, Thomasboro, Illinois." In fact, the records provided address information for "Merle DeWayne Jinkins, Jr." and the most recent address listed was 510 W. Meyer Street, Thomasboro, Illinois. Plaintiff also attached documents showing that various vehicles are registered to "Merle D. Jinkins" and "Merle D. Jinkins, Jr." with the address listed as 510 W. Meyer Street, Thomasboro, Illinois.

On October 29, 2013, Defendants Conair Corporation, Ernst and Zachary (formerly Sula) filed their Response in Opposition to Plaintiff's Renewed Motion for Default Judgment Against Defendant Jinkins (#20). Defendants again stated that, although they do not

represent Defendant Jinkins at this juncture, they do not believe default is appropriate. Defendants argued that Plaintiff still has not established that the address in question, 510 West Meyer Street, Thomasboro, Illinois, is, in fact, Jinkins' usual place of abode. Defendants stated that Conair is informed and believes that Jinkins, who left Conair's employment with no notice in or around May 2013, no longer resides in this state and moved to Memphis, Tennessee. Defendants noted that their earlier Response (#14) inadvertently stated in error that Jinkins left his employment in May 2009. Defendants stated that, in fact, Jinkins resigned in May 2013. Defendants argued that the most recent update to the information Plaintiff submitted is dated June 5, 2013. Defendants stated that Jinkins informed people he was moving to Memphis, Tennessee when he left Conair in May 2013. Defendants argued that Jinkins' move to another state may not have been registered by LexisNexis when Plaintiff conducted her search. Defendants also noted that Plaintiff has not established that Victoria Spires, the person who accepted service, resides at 510 West Meyer Street, Thomasboro, Illinois.

This court again agrees with Defendants that Plaintiff's documentation falls short of establishing that service was proper in this case. Rule 4 of the Federal Rules of Civil Procedure provides that an individual may be served in a judicial district of the United States by leaving a copy of the summons and complaint "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed R. Civ. P. 4(e)(2)(B). This court is not convinced that the LexisNexis search documents provided by Plaintiff establish that Jinkins resided at 510 West Meyer Street, Thomasboro, Illinois, at the

time substitute service was made on July 31, 2013.  This court additionally notes that Plaintiff has not provided any documentation to show that "Merle DeWayne Jinkins, Jr." is the same person as Defendant "DeWayne Jinkins."  Moreover, Defendants are correct that Plaintiff did not even attempt to show that Victoria Spires "resides" at that address.

IT IS THEREFORE ORDERED THAT Plaintiff's Renewed Motion for Default Against Defendant Dewayne Jinkins (#19) is DENIED.

ENTERED this 5th day of November, 2013.

s/MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE